# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT STRAUSS, THE ESTATE OF EMILY STRAUSS and EILEEN WALKER,**

      **Plaintiffs,**

v.                                                  Case No:    6:17-cv-480-Orl-31TBS

**ADMIRAL INSURANCE COMPANY, SEAN F. BOGLE as personal representative of the estate of Calvon Asiaya Williams, and SEAN F. BOGLE as plenary guardian of the person and property of C.W., a minor,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 12) filed by the Plaintiffs, the response in opposition (Doc. 13) filed by the Defendants, and the reply (Doc. 21) filed by the Plaintiffs.

The instant declaratory judgment action involves insurance coverage issues that are peripheral to a separate action (henceforth, the "Underlying Action"). According to the allegations of the Complaint (Doc. 1), Defendant Admiral Insurance Company (henceforth, "Admiral") issued two liability insurance policies to "Foster Parents of the Devereux Foundation." In the Underlying Action, the Plaintiffs have been sued in Florida state court by Sean Bogle – currently denominated as a Defendant in this case[1] – on behalf of a deceased foster child and his

---

[1] In its notice of removal (Doc. 1) Admiral contends that for purposes of determining whether insurance coverage exists for purposes of the Underlying Action, Bogle's interests are aligned with those of the Plaintiffs in this matter, and therefore he should be realigned as a

brother.  Admiral is defending the Plaintiffs in the Underlying Action pursuant to a reservation of rights.[2]  By way of the instant suit, the Plaintiffs seek a declaration that Admiral is obligated to defend and indemnify them.  (Doc. 2 at 6).

The Plaintiffs filed this suit in state court in Brevard County.  Admiral removed the case to this court on March 16, 2017 on the basis of diversity jurisdiction.  (Doc. 1).  The Plaintiffs contend that Admiral contractually waived its right to remove this suit, and therefore removal was improper.

The liability insurance policies issued by Admiral contained identical service of suit clauses, which read as follows:

> In the event of our failure to pay any amount claimed to be due, we, at your request, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

(Doc. 1-2 at 118; Doc. 1-3 at 55).

The United States Court of Appeals for the Eleventh Circuit has held that such service of suit clauses in insurance policies constitute a waiver of the insurance company's right of removal. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001) (construing essentially identical service of suit clause and agreeing with district court that insurance company, by executing the clause, had "agreed to go to, and stay in, the forum chosen by [the insured].").

---

plaintiff in this case.  (Doc. 1 at 3).

[2] Among other things, in its reservation of rights letters, Admiral contends that the Strausses failed to obtain required supplemental insurance coverage.  (Doc. 2-6 at 7-8).  Admiral also contends that Walker might not qualify as a "Foster Parent" under the terms of the policy so as to be entitled to coverage.  (Doc. 2-7 at 6-7).

Admiral argues that, by its terms, the service of suit clause is only triggered where there has been a "failure to pay any amount claimed to be due." The instant case involves only declaratory relief, Admiral says, and therefore the service of suit clause does not apply. (Doc. 13 at 6). Admiral also argues that the law of Pennsylvania should govern this dispute, and Pennsylvania federal courts and the United States Court of Appeals for the Third Circuit hold that service of suit clauses do not constitute waivers of the right to remove. (Doc. 13 at 7).

However, Admiral is incorrect on both points. This is obviously a case involving Admiral's obligation to pay the amounts demanded by the Plaintiffs for a defense in the Underlying Suit and, potentially, for indemnification. It is disingenuous for Admiral to claim otherwise, given that the company has taken the position in the reservation of rights letters that the Plaintiffs are not entitled to coverage.

As to the second point, the Court notes – without deciding the choice of law issue – that within the Third Circuit, service of suit clauses in insurance policies constitute waivers of the right to remove. *See Foster v. Chesapeake Ins. Co. Ltd.*, 933 F.2d 1207, 1216 (3d Cir. 1991) (construing clause essentially identical to that at issue in instant case, and agreeing with district court that "by consenting to 'submit' to 'any court' of competent jurisdiction 'at the request of the Company' and to comply with all requirements necessary to give 'such court' jurisdiction," defendant insurer had waived right to remove from the plaintiff's chosen forum). The case cited by Admiral for the opposite proposition, *In re Texas Eastern Transmission Corp. PCB Contamination Coverage Litigation*, 15 F.3d 1230 (3d. Cir. 1994), involved a Foreign Sovereign Immunities Act ("FSIA") case, rather than a diversity case such as *Foster* (or the instant case). *Id.* at 1234. One of the defendants was the Insurance Company of Ireland, Ltd. ("ICI"), which qualified as a "foreign state" under the FSIA. *Id.* In concluding that the service of suit clause at

issue in this case did not affect ICI's right to remove, the *Texas Eastern* court noted that Congress "had made clear its intent that foreign states and instrumentalities shall have the right to have civil litigation decided in federal court under the FSIA" and stated that "our holding in *Foster* is inapplicable in the FSIA context." *Id.* at 1243.

Thus, the Court concludes that by executing the service of suit clauses, Admiral waived its right to remove, making the instant removal improper. In addition to requesting a remand, the Plaintiffs seek $3,500 in fees under 28 U.S.C. § 1447(c) for the time spent preparing the motion. (Doc. 12 at 6). Absent unusual circumstances, to justify an award of fees under Section 1447(c), the removing party must lack an objectively reasonable basis for removal. *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006). Although it is a close call, the Court finds that this case does not satisfy that standard. The request for fees will therefore be denied.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. This case is hereby **REMANDED** to the Circuit Court of the 18th Judicial Circuit, in and for Brevard County, Florida. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 29, 2017.

*GREGORY A. PRESNELL*
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party